# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | | |
|---|---|---|
| **FUELING MARITIME MIDDLE EAST FZCO f/k/a GLANDER INTERNATIONAL BUNKERING DMCC** | § § § § § | **CAUSE NO.:** |
| | § | **JUDGE:** |
| | § | **MAGISTRATE:** |
| **Plaintiff,** | § § | |
| Versus | § § § | |
| **M/V CAPELLA (IMO No. 9518165) with her freight, engines, machinery, equipment, fixtures, appurtenances, etc.** *in rem* | § § § § § § | |
| **Defendants.** | § | |

## VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Fueling Maritime Middle East FZCO f/k/a Glander International Bunkering DMCC ("Plaintiff") who files this verified complaint against Defendant, M/V CAPELLA (the "Vessel"), her freight, engines, machinery, equipment, fixtures, appurtenances, etc., *in rem* seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as damages for amounts owed for breach of contract.

Plaintiff respectfully represents the following:

## JURISDICTION

1. This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rules C for Certain Admiralty and Maritime Claims, Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

## PARTIES

2. Plaintiff is a foreign corporation located at Office No. 2908, 29th Floor, Oaks Liwa Heights, Cluster W, Jumeirah Lake Towers, P.O. Box 283933, Dubai, United Arab Emirates.

3. Defendant M/V CAPELLA is a Madeiran-flagged vessel bearing IMO Number 9518165. The M/V CAPELLA is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is or will be moored in Mobile, Alabama.

4. Venue is proper in the Southern District of Alabama because the Vessel is, or will be during the pendency of the process hereunder, located within this District.

## BRIEF FACTUAL HISTORY

5. Plaintiff is in the business of supplying bunkers and other fuels to vessels.

6. On or about March 21, 2025, Victory Shipping Pte Ltd of 300 Beach Road, #10-04 The Concourse, Singapore (VSPL) wrote to Plaintiff to have them supply a vessel with bunkers pursuant to Plaintiff's General Terms and Conditions of Sale. See **Exhibit 1.** Plaintiff responded with an Order Confirmation the same day. On or about April 10, 2025, VSPL confirmed the nomination of the M/V CAPELLA and Plaintiff sent a further Order Confirmation. Upon information and belief, VSPL was at all relevant times the charterer of the M/V CAPELLA.

7. On or around April 23, 2025, Plaintiff supplied 450.01 MTS of Very Low Sulfur Fuel Oil to the M/V CAPELLA at the request of the vessel's then charterer, VSPL on or around April 23, 2025, in Richards Bay, South Africa.

8. The Vessel was supplied bunkers subject to Plaintiff's General Terms and Conditions of Sale, dated February 1, 2024, attached hereto as **Exhibit 2**.

9.  Insofar as is relevant, Plaintiff's General Terms and Conditions of Sale provide:

    - Section 4. PRICE / PAYMENT / RISK AND PROPERTY

        - Section 4(h)

        Payment shall be made in full without any discount or deduction, and there shall be no withholding either in part or in full by reason of any set-off, counter-claim or for any other reason, whether relating to the Contract or past agreements or Contracts.

        - Section 4(i)

        [I]f any sum due pursuant to any Contract is not paid within the agreed time, the Buyer shall pay, in addition to the outstanding amount and any interest that accrues until the due date, compensation to the Seller of 20% of the outstanding amount.

        - Section 4(j)

        Except where the Seller has agreed in its Order Confirmation to grant credit payment of the Price shall be due immediately upon delivery of the Products, or in all other cases immediately upon an invoice being issued.

        - Section 4(l)

        Without prejudice to any other rights or remedies available to the Seller the Buyer shall pay interest to the Seller at the rate of 2 (two) per cent per month (compounded monthly for each month, or part thereof,) on all balances that remain unpaid from the date that they were due or, upon the withdrawal of credit, became due for payment.

        - Section 4(n)

        In the event that any sums are overdue from the Buyer and the Seller incurs costs in relation to the collection of such overdue sums then the Buyer shall indemnify the Seller and pay to the Seller upon demand such costs, which shall include but not be limited to attestation and translation costs, fees of third party debt collection agencies, and lawyer's fees and regardless of whether such costs led to the collection of the overdue sums. Furthermore, the Buyer shall pay an administration fee of USD 250.00.

        - Section 14. LIEN

        a)   In addition to any other security the Seller may have, and as this Contract is entered into and product is supplied upon the faith and credit of the Vessel, it is agreed and acknowledged that a lien over the Vessel is created for the price of the Products supplied together with any interest accrued. *See further* **Exhibit 2.**

- Section 19. LAW AND JURISDICTION

    a)      These General Terms and Conditions and each Contract to which they apply shall be governed by the general maritime law of the United States of America, which shall include the Commercial Instruments and Maritime Lien Act (together the "General Maritime Law"). *See further* **Exhibit 2.**

10. On April 30, 2025, Plaintiff issued an invoice for bunkers to all , *inter alia*, VSPL and the Vessel in the amount of $262,805.84. See **Exhibit 3 ("Sales Invoice").**

11. Pursuant to Section 4(i) of **Exhibit 1**, Plaintiff is entitled to recover 20% of the total amount outstanding on the Sales Invoice.

12. Pursuant to Section 4(l) of **Exhibit 1**, Plaintiff is entitled to recover interest at a rate of 2% compounding monthly interest on the total amount outstanding on the Sales Invoice beginning May 23, 2025.

## RULE C ARREST

13. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 15, and it incorporates those allegations herein.

14. VSPL and the Vessel have failed to pay the amounts owed to Plaintiff for necessaries supplied to the M/V CAPELLA on orders of persons authorized to procure necessaries on behalf of the Vessel, giving rise to maritime liens under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. 31301 *et seq.* in favor of Plaintiff in the amount of $262,805.84.

15. Plaintiff seeks $262,805.84, plus 2% interest, pre-judgement and post-judgment interest, disbursements, costs, and reasonable attorneys' fees. In addition, Plaintiff is also entitled to 20% of the amount outstanding on the Sales Invoice. Plaintiff respectfully requests this Court to enter judgment in this amount.

16. Plaintiff is entitled to enforce its maritime liens for necessaries provided to the M/V CAPELLA by way of arrest of the Vessel in accordance with Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and seeks an issuance of a warrant of arrest of the vessel, M/V CAPELLA.

**WHEREFORE,** Fueling Maritime Midde East FZCO f/k/a Glander International Bunkering DMCC prays for the following relief:

A. That this Verified Complaint be deemed good and sufficient.

B. Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, may issue against the M/V CAPELLA (IMO No. 9518165) as well as her freight, engines, machinery, equipment, fixtures, appurtenances, etc. *in rem*.

C. After due proceedings, there be judgment rendered in favor of Plaintiff and against the M/V CAPELLA (IMO No. 9518165) including her freight, engines, machinery, equipment, fixtures, appurtenances, etc., *in rem*, and that the M/V CAPELLA be condemned and sold to satisfy the judgment to be entered in favor of the Plaintiff in the full amount of its claims, together with interest, costs, and attorneys' fees as set forth above.

D. Such other relief as may be equitable and just.

Respectfully submitted,

BLAKE T. RICHARDSON
**ADAMS AND REESE LLP**
11 North Water Street, Suite 23200
Mobile, Alabama 36608
(251) 433-3234
blake.richardson@arlaw.com
*Attorneys for Plaintiff*

## VERIFICATION

I, Blake T. Richardson, am an attorney at the law firm of Adams and Reese LLP, and attorney to plaintiff Fueling Maritime Middle East FZCO f/k/a Glander International Bunkering DMCC. I am authorized by Fueling Maritime Middle East FZCO to make this Verification. The facts set forth in the Verified Complaint are true and correct based upon the information provided to me as attorney for Fueling Maritime Middle East FZCO. The reason this Verification is made by the undersigned is because I am counsel for Fueling Maritime Middle East FZCO, which does not have a party or authorized corporate officer present within this District.

Pursuant to 28 U.S.C. § 1746 and in compliance with Civil L.R. 104(c), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2026.

_____
Blake T. Richardson