IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FUELING MARITIME MIDDLE EAST FZCO f/k/a GLANDER INTERNATIONAL BUNKERING DMCC,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **CIVIL ACTION NO. 1:26-00033-JB-M** |
| **M/V CAPELLA (IMO NO. 9518165) with her freight, engines, machinery, equipment fixtures, appurtenances, etc.,** *in rem*, ) ) ) ) ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (hereinafter "R&R"), entered on Capella Shipholding, Inc.'s Motion for Release of Vessel and Expedited Hearing Pursuant to Supplemental Admiralty Rule E(4). (Docs. 23 and 12). Capella Shipholding, Inc. ("Capella") filed the Motion for Release following the arrest of the M/V CAPELLA on February 4, 2026, pursuant to an Order dated January 30, 2026. (Doc. 6).[1] The R&R recommends denial of Capella's Rule E(4) Motion for Release. (Doc. 23). Capella filed Objections to the R&R (Doc. 25), and Plaintiff filed a Response (Doc. 27).[2] Upon due consideration of all

---

[1] Capella filed a limited appearance pursuant to Rule E(8) and a Statement of Interest as Owner of the Vessel. (Doc. 11).

[2] After entry of the R&R, the Vessel was released based on the parties' Stipulation for Release of Vessel from Warrant of Arrest. (*See* Docs. 22 and 24). The Stipulation states:

> The grounds for this joint stipulation are that Owner, through its Underwriter, has issued a Letter of Undertaking, dated February 6, 2025, to stand as substitute security for the Vessel arrested in this proceeding to enable the Vessel to continue with its voyage. The parties hereby stipulate that the security provided by the Vessel shall be transferred to the Letter of Undertaking, and Plaintiff

material filings in the record, and having determined *de novo* the parts of the Magistrate Judge's disposition to which Defendant objects, the Court adopts R&R with a single modification.

The "Factual and Procedural Background" set out in the R&R are correct in all respects material to the "Legal Conclusion" reached therein. The Court notes Capella's objection to the factual finding, "[t]here is no independent evidence to indicate whether [the Pre-Supply Notice and Acknowledgment] was provided before, during, or after the physical supply of the Bunkers." (*See* Docs. 23 (PageID.115 and 116) and 25 (PageID.130). Defendant cites a declaration of the Master of the MV CAPELLA, stating, "Before commencement of loading, I presented Capt. Vinesh Maharaj, Master of Barge BONGANI with a standard Pre Supply Notice & Acknowledgement relating to the prospective supply/provision of bunkers, services or goods to the Vessel." (Doc. 25 at PageID.130 (citing Doc. 20-1, PageID.100)).[3] The R&R is due to be modified by deletion of the following sentence at PageID.116: "There is no independent evidence to indicate whether this Notice was provided before, during, or after the physical supply of the Bunkers."

Nevertheless, it remains undisputed that no evidence was presented to indicate the Notice or any other document which would otherwise serve as notice of a lien waiver or prohibition was delivered to the Plaintiff prior to the supply of the Bunkers. (Doc. 25 at PageID.116). It is likewise undisputed that there was no evidence presented that any such document was delivered to Plaintiff prior to Capella's appearance and filing of its Motion for

---

shall look solely to the Letter of Undertaking to provide security for its claims in this and any other proceeding against the Vessel.

(Doc. 22).

[3] Defendant filed this Declaration of its Master some 32 minutes prior to the hearing on its Motion for Release. The Magistrate Judge denied Plaintiff's oral motion to strike the declaration.

Release.  (*Id.* at PageID.117).  Capella's counsel conceded there was no evidence in the record that Plaintiff received such documents or otherwise had "actual knowledge" of any lien prohibition notice(s) prior to the supply of the Bunkers.  (*Id.*).

The "Legal Conclusions" set out in the R&R are correct.  The Court notes especially, but without limitation, that the scope of Rule E(4) hearings is limited.  The court in *Barna Conshipping, S.L. v. 1,800 Metric Tons* summarized the standard as follows: "The post-arrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond."  2009 U.S. Dist. LEXIS 36789, *9 (S.D. Ala. April 28, 2009) (quoting *Salazar v. Atlantic Sun*, 881 F.2d 73, 79 (3d Cir. 1989)).  The "plaintiff must prove that the attachment was, and is, supported by 'probable cause.'" *Id.*  However, a plaintiff's burden to prove "probable cause" supporting an arrest is "not onerous."  *James v. M/V EAGLE EXPRESS*, 2012 U.S. Dist. LEXIS 105072, *14 (S.D. Ala. July 27, 2012) (citing *George v. A 2005 Donzi Motor Yacht*, 2009 U.S. Dist. LEXIS 102186, *1 (S.D. Fla. Oct. 22, 2009)).

Further, the Court's role in conducting a Rule E(4) hearing is not "to resolve contested factual disputes and complex legal issues that would effectively convert the . . . proceeding into the very type of mini-trial the Eleventh Circuit has cautioned against." *Int'l Ship Repair & Marine Servs., v. Barge B. 15*, 418 F. Supp. 3d 1051, 1056 (M.D. Fla. 2019).  *See PDS Gaming Corp. v. M/V Ocean Jewell of St. Petersburg*, 2007 U.S. App. LEXIS 22407, *4 (11th Cir. Oct. 15, 2007) (vacating a district court's order vacating an arrest because the court had "improperly turned the Supplemental Rule E(4)(f) hearing into a mini-trial and posed a much higher burden on PDS than is authorized . . ..").  Rather, for purposes of a post-arrest hearing, "it is sufficient that the plaintiff

3

had 'established a prima facie case for an action in rem, even though the ultimate result of the case may be different.'" *Jaffe v. M/S BREAKING WIND*, 2017 U.S. Dist. LEXIS 91519, *10 (S.D. Fla. June 13, 2017).

Here, Capella concedes "the Plaintiff's Complaint (and documents in support thereof) establish a *prima facie* showing of a valid maritime lien under 46 U.S.C. 31301." (Doc. 23 at PageID.114). Capella also concedes there is no evidence that Plaintiff had "actual knowledge" of a lien prohibition or similar document prior to Plaintiff's supply of bunkers to the Vessel in this case. (*Id.* at 117).

The R&R sets out correctly and comprehensively that, in the Eleventh Circuit, a party seeking to enforce a prohibition of liens clause or similar maritime lien waiver must demonstrate the supplier had "actual knowledge" of the clause or waiver prior to its supply of necessaries. (Doc. 23 at PageID.117 – 118). Capella, in the face of its concession to the contrary, argues opinions rendered by courts outside the Eleventh Circuit have produced an evolution of the "actual knowledge" standard. However, the Magistrate Judge correctly disposed of these arguments and distinguished the cases cited in support. Furthermore, it was not the Court's role in this Rule E(4) expedited hearing to resolve contested fact-sensitive questions concerning maritime customs and multi-layered commercial operations and relationships in the international bunkering industry. Further, deciding the legal issue of whether an established Eleventh Circuit standard has been evolved by extra-Circuit decisions is the sort of "complex legal issue[] that would effectively convert the" the Rule E(4) "proceeding into the very type of mini-trial the Eleventh Circuit has cautioned against." *Barge B. 15*, 418 F. Supp. 3d at 1056.

## CONCLUSION

Upon careful review and *de novo* consideration of the dispositions to which Defendant objects, and for the reasons stated herein, the Court **ADOPTS the Report and Recommendation (Doc. 23), as modified** by deletion of the following sentence at PageID.116: "There is no independent evidence to indicate whether this Notice was provided before, during, or after the physical supply of the Bunkers."

**DONE and ORDERED** this 13th day of February, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE